This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**vs.**                                                      **No. 31,768**

**CHRISTOPHER GARCIA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY**
**Abigail Aragon, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

Defendant appeals his conviction for aggravated battery with a deadly weapon. In our notice, we proposed to affirm, concluding that there was sufficient evidence to support the conviction. Defendant has timely responded and moved to amend the docketing statement to include two new issues. We have considered his arguments and not being persuaded, we deny the motion to amend and affirm the conviction.

In his motion to amend the docketing statement, Defendant contends that he was denied effective assistance of counsel because of an alleged conflict of his defense counsel. The record indicates that Defendant waived the conflict. [RP 70] In the event that Defendant may have other facts that he wants to develop regarding this issue, he may do so in a habeas petition. *See State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 (expressing a preference for habeas proceedings where the record on appeal does not establish a prima facie showing of ineffective assistance of counsel).

The second new issue Defendant seeks to raise concerns the district court's refusal to dismiss the case based on the failure of the State to preserve physical evidence. Our case law is clear that we review this issue for an abuse of discretion, *State v. Pacheco*, 2008-NMCA-131, ¶ 27, 145 N.M. 40, 193 P.3d 587, and that the district court is given two alternatives to deal with lost evidence: (1) exclusion of all evidence which the lost evidence might have impeached, or (2) admission with full

disclosure of the loss and its relevance and import. *State v. Chouinard*, 96 N.M. 658, 663, 634 P.2d 680, 685 (1981). Here, the district court refused to dismiss and admitted the evidence subject to cross-examination. Thus, there was no abuse of discretion and no basis for reversal.

Finally, Defendant continues to argue that the evidence was insufficient to support the conviction. As we pointed out in our notice, this was clearly a case of conflicting evidence, which is left to the fact-finder to resolve. Here, the jury found that Defendant had cut the Victim during their fight. We conclude that the evidence was sufficient to support that finding.

For the reasons stated herein and in the notice of proposed disposition, we affirm.

**IT IS SO ORDERED**.

_____

**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____

**CELIA FOY CASTILLO, Chief Judge**

_____
**RODERICK T. KENNEDY, Judge**